# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-4068-MWB |
| vs. | **ORDER** |
| BAO QUOC NGUYEN, | |
| Defendant. | |

The defendant has filed a *pro se* motion (Doc. No. 568) asking the court to order that his Presentence Investigation Report ("PSIR") be amended to reflect that the defendant has an "extensive drug abuse background."

"A defendant's Presentence Investigation Report is meant to be accurate at the time a defendant is sentenced." *United States v. Starr*, 2003 WL 23525359 (S.D. W. Va. June 13, 2003). Federal Rule of Civil Procedure 32, which governs presentence reports, provides a defendant with fourteen days from receipt of a PSIR to object to its contents. During both the pretrial interview and the presentence interview, the defendant denied any past drug use to the Probation Officer, and the PSIR reflected that the defendant had not reported any history of alcohol abuse "and further denied the use of controlled substances." PSIR, Doc. No. 492, ¶ 80. At sentencing, the defendant asserted objections to two paragraphs of the PSIR, and his objections were sustained by the court. *See* Minutes of Sentencing, Doc. No. 463. He asserted no objections to the PSIR's indication that he did not have a substance abuse problem. Rule 32 "does not allow a defendant to amend an alleged inaccuracy in his [presentence report] after the district court has imposed sentence." *United States v. O'Connor*, 65 F.3d 170 (Table), 1995 WL 516396 (7th Cir., Aug. 25, 1995) (citing *United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995); *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989)).

The defendant brings his motion "pursuant to Rule 36 of the Federal Rules of Criminal Procedure," which allows the correction of clerical errors in the record that arise "from oversight or omission." Fed. R. Civ. P. 36. The type of error asserted by the defendant here does not represent the type of clerical error in the record that is contemplated by Rule 36. "An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole." *Untied States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994); *accord United States v. Howe*, 538 F.3d 842, 853 (8th Cir. 2008). "[T]here is no mere scrivener's mistake here, and so we cannot afford [the defendant] relief under Rule 36." *United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) (per curiam).

The defendant has failed to show either that the court has jurisdiction to consider the type of amendment to the PSIR that he is requesting, or, had he so shown, that good cause exists for the requested amendment.[*] He has failed to show the U.S. Probation Officer erred in reporting the information accurately in the PSIR.

**IT IS SO ORDERED.**

**DATED** this 19th day of June, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[*]The defendant is seeking the amendment to his PSIR to allow him "to participate in the BOP's Residential Drug Treatment Program." The court is aware of the drug treatment program available at the facility in which the defendant is incarcerated, and the strong incentive – a potential reduction in sentence – for a defendant to attempt to gain admission into the program.